PER CURIAM.
This is an appeal from a final order in a probate proceeding directing the appellant, E. George Albritton, to repay the estate rental income he had received while acting ostensibly on behalf of the estate but without authority. Because the funds at issue were used to discharge financial obligations of the estate, and not for Mr. Albritton’s personal benefit, we conclude that the estate suffered no loss. Consequently, the order must be reversed.
The decedent, Janie Elizabeth Albritton, owned two houses, one a rental house and the other her residence. She signed a will leaving these two properties to her son E. George Albritton, and his nephew. Additionally, she gave Mr. Albritton her power of attorney, which he used to convey both properties to himself during her lifetime. Subsequently, the decedent prepared another will leaving all of her property to her daughter, Martha Jane Ferrera. Mr. Al-britton knew that he had been disinherited by this second will.
In September 1995, after the decedent’s death, Mr. Albritton began collecting the income from the rental property. Although he had no authority to act on behalf of the estate, he collected the rents and used the funds to pay estate expenses. He applied the funds derived from the rental income, which totaled $11,615, to the mortgage payments, property taxes, insurance, and the repair and maintenance of the properties.
Martha Jean Ferrera was appointed personal representative of the estate and she filed a motion on July 25,1995, seeking to recover the rental income Mr. Albritton had collected on behalf of the estate. The' trial court found that Mr. Albritton had collected rental payments belonging to the estate in the amount of $11,625. Additionally, the trial court concluded that Mr. Albritton had acted without authority in collecting these payments and in “contracting for expenses of the estate ... and undertaking to intermeddle in the affairs of the estate.” The court explained that although Mr. Albritton’s action “may have been motivated by his desire to intercede on behalf of ‘family property’ or other good intentions, he did not have any au *156 thority to do so, nor did he secure the permission of the beneficiaries.”
We begin our review of the order with a statement of the applicable general principles. A person who presumes to act on behalf of an estate but without authority is known as an executor de son tort. The literal meaning of this term is that the person is “an executor of his own wrong.” See Black’s Law Dictionary, p. 448 (6th Ed.1990). An executor de son tort is subject to all of the liabilities of a duly appointed personal representative but is not entitled to any of the privileges. See Johnston v. Thomas, 93 Fla. 67, 111 So. 541 (Fla.1927). Moreover, the estate is not liable for expenses incurred by an executor de son tort unless those expenses are legitimate debts of the estate. Id.
The estate does not have a valid claim to the rental income in dispute here merely because it was collected without proper authority. While it is true that Mr. Albritton was not authorized to collect rent on behalf of the estate, he did not keep any of the proceeds for himself. Instead, he used the rental income to pay legitimate expenses of the estate. In these circumstances, the order requiring the surrender of the rental income would result in unjust enrichment of the estate.
This conclusion is supported by section 733.309, Florida Statutes, (1997), which provides in material part:
Executor de son tort. — No person shall be liable to a creditor of a decedent as executor de son tort, but any person taking, converting, or intermeddling with the property of a decedent shall be liable to the personal representative or curator, when appointed, for the value of all the property so taken or converted and for all damages to the estate caused by his or her wrongful action.
By the terms of the statute, an executor de son tort is liable to the personal representative for estate property that is “taken” or “converted.” These terms indicate that liability exists if the property is appropriated for the personal use of the executor de son tort or if the estate is otherwise deprived of its right to the property. As the court recognized in Johnston, an executor de son tort is entitled to a setoff for assets of the estate that are used to discharge lawful obligations of the estate. In the present case, the estate lost nothing and Mr. Albritton gained nothing. He collected the rental income without authority but it was all used for the benefit of the estate.
For these reasons, we conclude that the trial court erred in directing Mr. Albritton to surrender the $11,625 in rental income to the estate. Because the estate has already received the full amount of these funds in payment of estate expenses, the order compelling surrender must be reversed.
Reversed.
BARFIELD, C.J., VAN NORTWICK and PADOVANO, JJ., CONCUR.